UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELANIE FEDELE, individually and on behalf of others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>MARIST COLLEGE,<br><br>      Defendant. | Case No.: 20-cv-3559 (VB)<br><br>**ANSWER AND DEFENSES** |

Defendant MARIST COLLEGE ("MARIST" or "Defendant"), by its undersigned attorneys Bond, Schoeneck & King, PLLC, answers the complaint as follows:

**NATURE OF THE ACTION AND FACTS COMMON TO CALL CLAIMS**

1. MARIST denies the allegations set forth in paragraph 1, except admits that Plaintiff purports to bring this lawsuit for the reasons alleged.

2. MARIST denies the allegations set forth in paragraph 2, except admits it is a respected college with an enrollment of approximately 6,500 students with undergraduate and graduate school programs.

3. MARIST denies the allegations set forth in paragraph 3, except states that the materials on MARIST's website speak for themselves and refers the Court to the website for their contents and further states that MARIST's actions were consistent with mandatory Executive Orders of the Governor of the State of New York including Executive Order 202.6 (attached as Exhibit A).

4. MARIST denies the allegations set forth in paragraph 4, except admits that it provides in-class instruction when it is consistent with applicable law and safe to do so and further

states that MARIST's actions are consistent with mandatory Executive Orders of the Governor of the State of New York including Executive Order 202.6 (attached as Exhibit A).

5. MARIST denies the allegations set forth in paragraph 5, except states that in the Spring of 2020 and semesters pre-dating the COVID-19 pandemic, MARIST students were charged the same tuition for remote learning as for in-person classes.

6. MARIST denies the allegations set forth in paragraph 6, except admits that it has neither offered nor provided a tuition refund for the Spring 2020 semester. Further answering, MARIST states that at a cost of more than $11 million it provided students with a *pro rata* refund of housing, meals, student activities and health service fees as evidenced in MARIST's April 17, 2020 letters to students, which are attached as Exhibit B. Moreover, and further answering, MARIST states that Plaintiff received a *pro rata* refund of the fees she paid for the Spring 2020 semester as evidenced by her Spring 2020 Tuition & Fees Statement, which is attached as Exhibit C, and MARIST directs the Court's attention to the fact that the Complaint does not identify a single non-academic related fee for which MARIST did not provide Plaintiff a *pro rata* refund for monies that she paid. In addition, although MARIST refunded Plaintiff the fees that she paid for the Spring 2020 semester, it continued to provide various services to Plaintiff (and the putative classes) including, but not limited to, library services, the Academic Learning Center, the Center for Academic Advising Services, the Office of Accommodations and Accessibility and the Writing Center as evidenced in the March 20, 2020 email to MARIST students from Dr. Thomas Wermuth, Vice President for Academic Affairs, which is attached as Exhibit D.

7. MARIST denies the allegations set forth in paragraph 7, except admits that it has neither offered nor provided a tuition refund for the Spring 2020 semester and further states that

in the Spring of 2020 and semesters pre-dating the COVID-19 pandemic, MARIST students were charged the same tuition for remote learning as for in-person classes.

8. MARIST denies the allegations set forth in paragraph 8, except admits that Plaintiff seeks to recover tuition and fees from MARIST, but denies that Plaintiff is entitled to any relief.

## PARTIES

9. MARIST denies the allegations set forth in paragraph 9, except denies knowledge or information sufficient to either admit or deny the allegations of Plaintiff's citizenship and residence, except admits that MARIST has neither offered nor provided a tuition refund to Plaintiff and that Plaintiff is an undergraduate student at MARIST studying Business Administration and Fashion Merchandising.

10. ADMITS the allegations in paragraph 10.

## JURISDICTION AND VENUE

11. MARIST denies the allegations set forth in paragraph 11, except admits that Plaintiff states a legal conclusion for which no response is required.

12. MARIST denies the allegations set forth in paragraph 12, except admits that Plaintiff states a legal conclusion for which no response is required.

13. MARIST denies the allegations set forth in paragraph 13, except admits that Plaintiff states a legal conclusion for which no response is required.

## FACTUAL ALLEGATIONS

*"Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020"*

14. MARIST denies the allegations set forth in paragraph 14, except admits that Plaintiff paid some tuition and fees for the Spring 2020 Semester.

15. ADMITS the allegations in paragraph 15.

16. MARIST denies the allegations set forth in paragraph 16, except admits that Plaintiff paid some tuition and fees for the Spring 2020 Semester.

17. MARIST denies the allegations in paragraph 17.

18. MARIST denies the allegations in paragraph 18, except admits that fees paid, if any, depend upon a student's academic program and eligibility for financial assistance, including scholarships.

19. MARIST denies the allegations set forth in paragraph 19.

*"In Response To COVID-19, Marist Closed Campuses And Cancelled All In-Person Classes"*

20. ADMITS the allegations in paragraph 20, and further states that MARIST's actions were consistent with mandatory Executive Orders of the Governor of the State of New York including Executive Order 202.6 (attached as Exhibit A).

21. MARIST denies the allegations set forth in paragraph 21, except states that after March 13, 2020 it ceased providing in person classes for the Spring 2020 semester and further states that MARIST's actions were consistent with mandatory Executive Orders of the Governor of the State of New York including Executive Order 202.6 (attached as Exhibit A).

22. MARIST denies the allegations set forth in paragraph 22, except states that in the Spring of 2020 and semesters pre-dating the COVID-19 pandemic, MARIST offered students remote learning courses for the same tuition and rates as in-person classes.

23. MARIST denies knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 23.

24. MARIST denies the allegations set forth in paragraph 24, except states that MARIST webpage cited in paragraph 24 speaks for itself.

25. MARIST denies the allegations set forth in paragraph 25.

26. MARIST denies the allegations set forth in paragraph 26, except admits that tuition charged by MARIST is for purposes of providing education in various subject areas for academic credit so students may receive a degree from an accredited institution of higher learning and further states that in the Spring of 2020 semester and in semesters pre-dating the COVID-19 pandemic, MARIST students were charged the same tuition for remote learning as for in-person classes.

27. MARIST denies the allegations set forth in paragraph 27, except admits that plaintiffs seek to recover tuition and fees from MARIST, but denies that plaintiffs are entitled to any relief.

## CLASS ALLEGATIONS

28. MARIST denies the allegations set forth in paragraph 28, except admits that Plaintiff purports to bring this action on behalf of herself and a class.

29. MARIST denies the allegations set forth in paragraph 29, except admits that Plaintiff purports to bring this action on behalf of herself and a Subclass.

30. MARIST denies the allegations set forth in paragraph 30, except admits that Plaintiff purports to bring this action on behalf of herself and a Class and a Subclass.

31. MARIST denies the allegations set forth in in paragraph 31.

32. MARIST denies the allegations set forth in in paragraph 32.

33. MARIST denies the allegations set forth in in paragraph 33.

34. MARIST denies the allegations set forth in in paragraph 34.

35. MARIST denies the allegations set forth in in paragraph 35.

36. MARIST denies the allegations set forth in in paragraph 36, except admits that Plaintiff purports to seek class certification of issues.

**COUNT I**
**"Breach of Contract**
**(On Behalf of the Class and Subclass)"**

37. With respect to paragraph 37, MARIST repeats each statement set forth above.

38. MARIST denies the allegations set forth in paragraph 38, except admits that Plaintiff purports to bring this action on behalf of herself a Class and Subclass.

39. MARIST denies the allegations set forth in paragraph 39.

40. MARIST denies the allegations set forth in paragraph 40.

41. MARIST denies the allegations set forth in paragraph 41.

42. MARIST denies the allegations set forth in paragraph 42.

43. MARIST denies the allegations set forth in paragraph 43.

44. MARIST denies the allegations set forth in paragraph 44.

**COUNT II**
**"Unjust Enrichment**
**(On Behalf of the Class and Subclass)"**

45. With respect to paragraph 45, MARIST repeats each statement set forth above.

46. MARIST denies the allegations set forth in paragraph 46, except admits that Plaintiff purports to bring this action on behalf of herself a Class and Subclass.

47. MARIST denies the allegations set forth in paragraph 47.

48. MARIST denies the allegations set forth in paragraph 48.

49. MARIST denies the allegations set forth in paragraph 49.

50. MARIST denies the allegations set forth in paragraph 50.

**COUNT III**
**"Conversion**
**(On Behalf of the Class and Subclass)"**

51. With respect to paragraph 51, MARIST repeats each statement set forth above.

52. MARIST denies the allegations set forth in paragraph 52, except admits that Plaintiff purports to bring this action on behalf of herself a Class and Subclass.

53. MARIST denies the allegations set forth in paragraph 53.

54. MARIST denies the allegations set forth in paragraph 54.

55. MARIST denies the allegations set forth in paragraph 55.

56. MARIST denies the allegations set forth in paragraph 56.

57. MARIST denies the allegations set forth in paragraph 57.

58. MARIST denies the allegations set forth in paragraph 58, except admits that it has neither offered nor provided a fee refund.

## PRAYER FOR RELIEF

59. MARIST denies each and every allegation not specifically admitted or otherwise responded to above and denies all claims for damages or other relief referenced in the "Prayer for Relief" including subparts A through G.

## DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendant asserts the following defenses:

## AS A FIRST DEFENSE

The Complaint fails to state a claim or claims upon which relief can be granted.

## AS A SECOND DEFENSE

Plaintiff has waived any objection to or acquiesced to the transition to the remote instruction by continuing her enrollment at MARIST following the transition to remote instruction.

## AS A THIRD DEFENSE

MARIST fully performed all of its contractual obligations to Plaintiff by continuing instruction in her chosen courses by MARIST faculty, and by awarding Plaintiff credit for her Spring 2020 Semester courses when she completed the work as set forth in Plaintiff's transcript attached as Exhibit E.

## AS A FOURTH DEFENSE

Any damages Plaintiffs and the putative class have suffered were not caused by or attributable to Defendant's acts, practices, or conduct.

## AS A FIFTH DEFENSE

The continuation of on-campus in-person instruction was rendered impossible by the global COVID-19 pandemic and by Executive Orders of the Governor of the State of New York.

## AS A SIXTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## AS AN SEVENTH DEFENSE

Plaintiff has not suffered any compensable damage.

## AS AN EIGHTH DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to comply with or take advantage of available preventive or corrective policies, procedures, and opportunities.

## AS A NINTH DEFENSE

The Court should dismiss the breach of contract and unjust enrichment claims because Plaintiff fails to allege a specific enforceable promise.

**AS A TENTH DEFENSE**

The Court should dismiss the breach of contract and unjust enrichment claims because Plaintiff fails to allege breach because MARIST has not acted arbitrarily or in bad faith in fulfilling any enforceable promise.

**AS AN ELEVENTH DEFENSE**

Any alleged contract between MARIST and Plaintiff is unenforceable under the doctrines of impossibility, impracticability and/or frustration of purpose requiring dismissal of Plaintiff's breach of contract and unjust enrichment claims.

**AS A TWELFTH DEFENSE**

The Court should dismiss Plaintiff's conversion claim because it is duplicative of Plaintiff's breach of contract claims.

**AS A THIRTEENTH DEFENSE**

Plaintiff's claims cannot meet the requirements of F.R.C.P. 23 for class certification.

**AS A FOURTEENTH DEFENSE**

Plaintiff cannot bring suit in a representative capacity as a class action to the extent that she is not similarly situated to the other members of the putative class action class.

**AS A FIFTEENTH DEFENSE**

At all times, Defendant and its agents acted properly.  Because Defendant has not yet availed itself of its right to discovery, Defendant may not fully know the circumstances of the claims and allegations described in the Complaint.  Defendant hereby notifies Plaintiff that until Defendant has had the opportunity to avail itself of its right to discovery; it cannot determine whether or not each of the above-stated defenses will, in fact be asserted during litigation.  Such defenses, however, are raised in Defendant's right to assert such defenses and thereby avoid the

waiver of any such defenses. Defendant reserves the right, upon completion of its investigation and discovery to such additional defenses as it deems appropriate.

**WHEREFORE,** Defendant requests that the Court dismiss the Complaint with prejudice; enter judgment in favor of Defendant and against Plaintiff and the putative classes on all counts; award Defendant its costs and attorneys' fees in defending this action and such other relief as the Court deems just and proper.

Dated: New York, New York
       September 8, 2020

BOND SCHOENECK & KING, PLLC

By: _____/s/_____
    Gregory B. Reilly
Aisling McAllister
Samuel G. Dobre
*Attorneys for Defendant*
600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2320
greilly@bsk.com
amcallister@bsk.com
sdobre@bsk.com